The opinion of the court was delivered by
Harr, J.
This suit was brought to recover of defendant damages for the illegal seizure of certain personal property. The petition alleges that plaintiff resides at Leavenworth, and is a citizen of the State of Indiana; that he is a flatboat-man engaged in transporting the products of Indiana and other Western States to the Southern States ; that he has a flatboat lying at the wharf at Baton Rouge, loaded with such pro *536 ducts; that defendant is collector of State and parish taxes, and without just cause and in violation of law seized and took away fifty-five barrels-potatoes and thirty sacks oats from petitioner’s boat; that petitioner was not indebted to defendant either individually or as State and parish tax collector; and that this unwarranted seizure caused him damage to the amount.of $300.
Defendant answered that he took and sold the potatoes and oats, according to law, for the purpose of collecting the amount of license tax due to the State of Louisiana by plaintiff, who peremptorily refused to pay the same.
The judgment of the parish court was in favor of defendant; and plaintiff appealed. The legality and constitutionality of the tax is in contestation; and this court has jurisdiction under art. 74 of the constitution.
The act of 1872, No. 14, section 1, paragraph 13, fixes the State license tax to be required of “ each peddler or hawker, who peddles or carries merchandise or groceries for sale, or sells through this State in. a boat or other watercraft, at one hundred dollars.”
The word “ peddler ” means a travelling merchant, one who carries, merchandise about the country for sale. It seems that plaintiff has been engaged in this business for thirty years. He descends the river with his boats, stopping and selling wherever he finds a market. That, is what he was doing at Baton Rouge when defendant demanded the-State license tax. Plaintiff refused to pay it: said the same demand had been made of him at Bayou Sara ; that he. had taken legal advice there; and that he intended to resist the payment by law.
We think plaintiff was a peddler in the sense of the law ; and that he was clearly liable, as such, for the license tax imposed by paragraph 13 of section 1, of the act of 1872.
The proof is that he sold by the package, by the bushel, by the piece, or in quantities as required, such articles as flour, corn, oats, potatoes, meat, bran, dried fruit, stone-ware, etc. He might well have been'taxed $100 for license under paragraph two of the same section, as a “ wholesale and retail merchant, dealer or trader.”
Section 3330 of the Revised Statutes provides that “ all transient-persons doing business or selling in this State shall pay their taxes or license before selling or doing business; and upon their refusal or failure to do so, the State tax collector shall seize, without notice, and sell according to the provisions of section 3295.”
The only possible application of section 3295 is, that the sale shall be “ without process of court;” and the preceding section, 3294, authorizes the sale within five days, “ if the property is of a perishable nature.” Plaintiff maintains that the sections.of the Revised Statutes in *537 question were repealed by the act of 1871, No. 42, section 102, which iff as follows;
“That all laws, or parts of laws on the subject of raising revenue,, or the administration or collection of the same, contrary to or inconsistent with this act, be and the same are hereby repealed.”
The law under which defendant proceeded related exclusively to the collection of the license tax from transient persons; and we find nothing in the act of 1871 respecting such persons, or the collection from them of the license tax; nor is there anything in section 3330 of the Revised' Statutes contrary to or inconsistent with the act of 1871.
We are not informed as to the date at which the sale was made by the tax collector; but he testified that he advertised and sold according “to law.” This is not material; since there is no complaint that the property was sacrificed, or that the sale was premature; nor would any irregularity in the sale vitiate the legal seizure of the property.
Plaintiff relies, mainly, on section 8, clause 3, article 1, of the constitution of the United States, which vests in Congress, exclusively, the-power “to regulate commerce with foreign nations, and among the several States, and with the Indian tribes.”
We do not think the facts of this case raise any Federal question whatever. Plaintiff had the right to navigate freely the Mississippi' river; to land his boat, and to discharge and to receive cargo for transportation as a carrier; but when undertook to sell his goods, to peddle them from one end of the State of Louisiana to the other, on the-borders of the river, he was bound to submit to the same regulations which our laws impose on our own citizens, pursuing'that precise business. It is wholly immaterial where the owner or the goods come from;' once in the State of Louisiana with them, to be sold to such as will buy, in such quantities as they may require, wherever a market can be found, the trader becomes a peddler, whether he pursue his calling on a boat, or in a vehicle, or on horseback, or on foot. It is only those who carry their goods about in boats or watercraft, who are subject to the license tax of $100, as peddlers, which is imposed, without discrimination, on all who fall within that class.
The State may not levy a tax on goods merely passing through to-an ultimate destination, or sent here for sale ; nor on imports ; but he-who pursues the business of selling such goods, come whence they may, can claim no exemption from the general laws of the State, which impose the same license tax on all who pursue that business, citizen of this State or of any other State, or unnaturalized foreigner.
We find no error in the judgment appealed from ; and it is affirmed! with costs.